IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> CHERYL ANN SUESS, <br><br> Debtor. | CHAPTER 7 <br><br> CASE NO. 21-55929-sms |
| KENNETH WOLF, <br><br> Plaintiff, <br><br> v. <br><br> CHERYL ANN SUESS, <br><br> Defendant. | ADVERSARY PROCEEDING <br><br> NO. 22-_____ |

**COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 727**

Kenneth Wolf ("Plaintiff"), by and through his undersigned counsel, for his Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727, states and alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (J).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(4) of the Federal Rules of Bankruptcy Procedure.

5. The Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court.

1

## BACKGROUND AND GENERAL ALLEGATIONS

6. Plaintiff is a resident of Denver, Colorado.

7. Defendant Cheryl Ann Suess (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on August 19, 2021 (the "Petition Date") and her case was assigned Case No. 21-55929-sms

8. The Debtor's meeting of creditors pursuant to 11 U.S.C. § 341 was originally scheduled for September 14, 2021, but was reset based on her failure to appear. It was held on October 19, 2021.

9. At the Debtor's Section 341 meeting of creditors, she testified under oath as follows:
   a) That she read her Schedules, Statement of Financial Affairs and related documents (collectively, "Bankruptcy Documents") before signing them;
   b) That she was personally familiar with the information contained in the Bankruptcy Documents;
   c) That all of the information in the Bankruptcy Documents was true and correct; and
   d) That there were no mistakes or omissions in the Bankruptcy Documents

10. Debtor resided in New Zealand from approximately 2003 through 2013, during which time, among other things, she operated a novelty business known as Lucy Lu Designs.

11. In 2013, Plaintiff purchased Lucy Lu Designs from Debtor, after which Debtor moved to Denver and continued working for that company.

12. While living in Denver, Debtor secured a storage facility and showed Plaintiff four pieces of indigenous art from Australia, each of which she opined had a value of approximately $40,000. Debtor also showed Plaintiff some of her additional possessions, including expensive chandeliers and antiques. Debtor still uses the storage facility in Denver.

13. Debtor moved to Mexico City in 2016, and began operating a business known as Elwood Studio, LLC d/b/a/ CDMX Design ("Elwood").

14. Debtor has at all times material hereto been the sole owner of Elwood.

15. Elwood's operations include purchasing home décor items from artists or designers in Mexico, holding them as inventory, and selling them to high-end retail outlets in the United States.

16. Debtor stored Elwood inventory in a warehouse in Denver owned by the Plaintiff, which the Debtor indicated to Plaintiff had a retail value of over $50,000. Such inventory remains in Plaintiff's warehouse.

2

17. On or about January 1, 2018, Debtor executed a promissory note in favor of Plaintiff in the principal amount of $455,000 ("Note").

18. The Note was secured by residential real property in Mexico owned by Plaintiff at Chopan 24, Condessa, Mexico City, Mexico ("Property"). Plaintiff and Debtor agreed, and the Note so provides, that upon payment of the Note Plaintiff would transfer the Property to Debtor.

19. Debtor made eight payments pursuant to the Note, but failed to make any further payments, leaving a balance due of approximately $177,018.

20. Despite not making the required payments, Debtor resided in the Property until January 31, 2020.

21. At the Debtor's Bankruptcy Rule 2004 Exam on March 14, 2022, Debtor testified to the following:

   a) That she did not know where the figures on her Schedule J came from;
   b) That although Schedule J states that Debtor pays $1,600 per month in rent, Debtor testified that she pays no rent;
   c) That she did not know who provided the information for her Schedules and Statement of Financial Affairs;
   d) That the person who filled out her Schedules and Statement of Financial Affairs never spoke to her;
   e) That Elwood had inventory as of the March 14, 2022 with a wholesale value of approximately $7,000;
   f) That post-petition she requested her accountant to file Articles of Dissolution, dissolving Elwood;
   g) That post-petition she formed a new entity domesticated in Georgia, known as CDMX Design, LLC ("CDMX");
   h) That the assets of Elwood became the assets of CDMX;
   i) That she did not know of Resurgent Capital Services, though it was listed on the Debtor's Schedule F as being owed $61,096, making it her largest creditor listed in the schedules;
   j) That she has furniture in a storage facility in New Zealand;
   k) That she gave her daughter a substantial amount of furniture and art in New Zealand sometime after 2017;
   l) That she has photographic equipment and some art in a storage facility in Denver ("Denver Storage Unit"), and is holding additional items in storage for a third party;
   m) That she lived a number of places in the past three years, and does not know why these places were not listed on her Statement of Financial Affairs;
   n) That she had never seen her Schedules and Statement of Financial Affairs prior to her Rule 2004 Exam;
   o) That she had never heard of a lawsuit against her by JP Morgan listed on her

3

        Schedules and Statement of Financial Affairs;
p) That she found her Statement of Financial Affairs to be bizarre;
q) That she did not recall any of the items listed as her electronics;
r) That she has some jewelry, and gave most of her jewelry to her daughter;
s) That the Rolex watch Plaintiff gave her was not genuine, and so she gave it to a homeless man in Mexico City;
t) That she took a Le Coultre watch out of her safe deposit box and gave it to her daughter;
u) That she inadvertently left another gold Rolex watch at airport security;
v) That the monthly income set forth on the "Current Monthly Income Details for the Debtor" was not correct; and
w) That she resides in Mexico City.

## FIRST CLAIM FOR RELIEF
(Objection to Discharge – 11 U.S.C. § 727(a)(4)(A))

22. Plaintiff incorporates by this reference the statements and allegations contained in paragraphs 1 through 21 as though more fully set forth herein.

23. 11 U.S.C. § 727(a)(4)(A) provides that the Court shall grant the debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case— (A) made a false oath or account."

24. The Debtor testified under oath at the creditors' meeting.

25. The Debtor signed the Bankruptcy Documents she filed with the Bankruptcy Court under penalty of perjury.

26. At the creditors' meeting, the Debtor testified under oath that all of the representations made in the Bankruptcy Document she filed with the Bankruptcy Court were true and correct.

27. The Debtor testified under oath at her Rule 2004 Examination that she had never seen the Bankruptcy Documents before reviewing them as exhibits in connection with the Exam.

28. The Debtor testified that at her Rule 2004 Examination that the Bankruptcy documents were replete with errors.

29. For example, the Petition lists Debtor's address as 145 15th St NE, Apt. 207, Atlanta, GA 30309, but Debtor resides in Mexico. Debtor's Mexico address is not listed on her Statement of Financial Affairs.

30. The Debtor either made a false oath at her meeting of creditors or at her Rule 2004 Exam.

31. The Debtor testified that she had previously owned two Rolex watches and a Le

4

Coultre watch.

32. The Debtor testified that one of the Rolexes was not genuine and that she gave it to a homeless man in Mexico City. However, such Rolex was genuine.

33. The Debtor testified that she lost the other Rolex watch at an airport security checkpoint.

34. The Debtor testified that she owns furniture and art that she keeps in storage in Denver and abroad. None of these assets were disclosed on her Schedules or in the Bankruptcy Documents.

35. Debtor knowingly and fraudulently omitted the Plaintiff as a creditor on her Schedules, as Plaintiff was the one person who was aware of Debtor's business operations and undisclosed assets.

36. By omitting Plaintiff as a creditor, Debtor hoped to escape her other obligations while concealing assets.

37. All of the foregoing false oaths were made with knowledge and with fraudulent intent, which may be inferred from the circumstances.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in his favor and against the Debtor sustaining the Plaintiff's objection to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A).

**SECOND CLAIM FOR RELIEF**
(Objection to Discharge – 11 U.S.C. § 727(a)(4)(B))

38. Plaintiff incorporates by this reference the statements and allegations contained in paragraphs 1 through 37 as though more fully set forth herein.

39. 11 U.S.C. § 727(a)(4)(B) provides that the Court shall grant the debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case—(B) presented or used a false claim."

40. Upon information and belief, at some point after filing the petition, the Debtor provided the trustee a copy of a promissory note from Plaintiff which Plaintiff had repaid prepetition without informing the trustee that same had been paid.

41. Debtor did not schedule any note payable from Plaintiff.

42. Debtor knowingly presented a false claim or account in connection with the case with the intention of hindering Plaintiff's prosecution of the instant adversary complaint or to cause the trustee to wrongfully believe that Plaintiff is indebted to Debtor.

5

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in his favor and against the Debtor sustaining the Plaintiff's objection to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(4)(B).

### THIRD CLAIM FOR RELIEF
(Objection to Discharge – 11 U.S.C. § 727(a)(4)(D))

43. Plaintiff incorporates by this reference the statements and allegations contained in paragraphs 1 through 42 as though more fully set forth herein.

44. 11 U.S.C. § 727(a)(4)(D) provides that the Court shall grant the debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case—(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs."

45. Despite being in possession of a statement of inventory of the Denver Storage Unit, Debtor did not provide a copy of the statement of inventory to the trustee.

46. Debtor knowingly withheld this information in connection with the case with the intention of concealing the assets within the Denver Storage Unit.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in his favor and against the Debtor sustaining the Plaintiff's objection to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(4)(D).

### FOURTH CLAIM FOR RELIEF
(Objection to Discharge – 11 U.S.C. § 727(a)(3))

47. Plaintiff incorporates by this reference the statements and allegations contained in paragraphs 1 through 46 as though more fully set forth herein.

48. 11 U.S.C. § 727(a)(3) provides that the Court shall grant the debtor a discharge unless "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

49. Debtor's sole source of income comes from her business, formerly Elwood and now CDMX.

50. Debtor failed to maintain even a simple financial statement for Elwood that would reflect the income, expenses, assets and liabilities of that entity.

51. Debtor could not even purport to report her income from operating a business on her Statement of Financial Affairs for 2019 and 2020, reporting those amounts as "unknown."

52. Moreover, Debtor did not even ascribe a value to her business in her Schedule A/B.

53. Debtor has also failed to keep or preserve documents, records, or papers reflecting the transfer of her business operations from Elwood to CDMX and the operations of such businesses.

54. Debtor's failure to keep records regarding the financial condition of the business has hindered the trustee's efforts at evaluating the benefit to the estate of liquidating or selling her company.

55. Debtor's failures were not justified under the circumstances of the case.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in his favor and against the Debtor sustaining the Plaintiff's objection to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(3).

## FIFTH CLAIM FOR RELIEF
(Objection to Discharge – 11 U.S.C. § 727(a)(2)(B))

56. Plaintiff incorporates by this reference the statements and allegations contained in paragraphs 1 through 55 as though more fully set forth herein.

57. 11 U.S.C. § 727(a)(2)(B) provides that the Court shall grant the debtor a discharge unless "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed— (B) property of the estate, after the date of the filing of the petition."

58. Post-petition, Debtor requested her accountant to file Articles of Dissolution, dissolving her business Elwood, forming a new entity domesticated in Georgia, known as CDMX Design, LLC ("CDMX"), and transferring the assets of Elwood to CDMX.

59. While Elwood is property of the estate, presumably CDMX is not.

60. Upon information and belief, Debtor also concealed the assets in the Denver Storage Unit, and concealed, removed, or fraudulently transferred the Rolex watches within a year prior to the Petition Date.

61. Debtor, with intent to hinder, delay, or defraud Plaintiff or the trustee transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the estate after the filing of the petition by dissolving Elwood (property of the estate) and organizing CDMX.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in his

7

favor and against the Debtor sustaining the Plaintiff's objection to the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(B).

Dated this 4th day of April, 2022.

Respectfully submitted,

*/s/ Nathan T. Juster*
Nathan T. Juster
Ga. Bar. No. 993962
JONES & WALDEN LLC
Attorneys for Plaintiff
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
njuster@joneswalden.com

By:*/s/ Jeffrey S. Brinen*
Jeffrey S. Brinen
Colo. Bar No. 20565 (*Pro hac vice*)
KUTNER BRINEN DICKEY RILEY, P.C.
1660 Lincoln Street, Suite 1720
Denver, CO 80264
jsb@kutnerlaw.com
Telephone: 303-832-2418